IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF RHODE ISLAND

CA 08 147 ML

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff<br>v.<br><br>REAL PROPERTY LOCATED AT 288 MIDDLE ROAD, EAST GREENWICH, RHODE ISLAND;<br><br>REAL PROPERTY LOCATED AT 95 PINE HILL AVENUE, JOHNSTON, RHODE ISLAND;<br><br>REAL PROPERTY LOCATED AT 4 SWANEE STREET, NORTH PROVIDENCE, RHODE ISLAND;<br><br>REAL PROPERTY LOCATED AT 790 NORTH MAIN STREET, PROVIDENCE, RHODE ISLAND;<br><br>Defendants | Civil Action No. ______________<br><br>**VERIFIED COMPLAINT FOR FORFEITURE IN REM** |

Plaintiff United States of America brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

**NATURE OF ACTION**

1. This is an action to forfeit real property and personal property, namely five pieces of real estate and one bank account.

**DEFENDANTS IN REM**

2. The defendant property consists of the following:

(a) Real property located at 288 Middle Road, East Greenwich, Rhode Island which is owned by Atlantis Management LLC, of which, based on my review of records, 99% is owned by Dr. Wehbe – and legally described as:

> That certain parcel of land with all buildings and improvements thereon, situated on the southerly side of Middle Road in the Town

of East Greenwich, County of Kent and the State of Rhode Island, bouded and described as follows:
Beginning at an iron pipe in the southerly line of Middle Road at the northwesterly corner of land of Carl Street, L.L.C. and the northeasterly corner of the herein described parcel;
Thence running in a westerly direction, along the southerly line of Middle Road, a distance of three hundred fifty-one and twenty hundreths (351.20') to a point for a corner:
Thence turning on an interior angle of 89°14'12" and running southerly along land now or formerly of Mathias Wilkison, a distance of three hundred four and sixty-eight hundreths (304.68') to a point for a corner;
Thence turning an interior angle of 90°00'00" and running easterly by land of said Wilkinson, a distance of one hundred sixty-one and seventeen hundreths (161.17') to a granite bound, said granite bound being the northerly corner of said Wilkinson and the westerly corner of said Carl Street, L.L.C. land;
Thence turning an interior angle of 180°00'00" and continuing easterly, along said Carl Street, L.L.C. land a distance of one hundred ninety and zero hundreths (190.00') to an iron pin for a corner;
Thence turning an interior angle of 90°00'00" and running northerly, a distance of one hundred seven and seventy-five hundreths (107.75') to a point for a corner;
Thence turning an interior angle of 268°56'53" and running easterly, a distance of ten and forty-nine hundreths (10.49') to a point of curvature;
Thence easterly and northerly along the arc of a curve, said curve having a central angle of 91°38'19" and a radius of 30.00', a distance of 47.98' to a point of tangency;
Thence running northerly, a distance of nineteen and ninety-four hundreths (19.94') to another point of curvature;
Thence northerly and westerly along the arc of a curve, said curve having a central angle of 88°21'41" and a radius of 30.00', a distance of 46.27' to a point of tangency;
Thence running westerly, a distance of eight and forty-six hundreths (8.46') to a point for a corner, the last six courses bounded to the east by said Carl Street L.L.C. land;
Thence turning an interior angle of 271°03'07" and running northerly along said Carl Street L.L.C. land, a distance of one hundred twelve and thirty hundreths (112.30') to the iron pipe on Middle Road, at the point and place of beginning,
The first and last course forming an interior angle of 90°45'48" and said parcel contains 108,941 square feet or 2.5009 acres of land being the same more or less.
Said parcel described is also shown on that certain plat entitled,

"Administrative Subdivision" for Carl Street, L.L.C., scale 1"=50', dated September 7, 2003 by Ocean State Planners, Inc. and recorded in the Town of East Greenwich, as Plat #728.

(b) Real property located at 95 Pine Hill Ave, Johnston, Rhode Island which is owned by Tarek Wehbe and legally described as:

That parcel of land with all buildings and improvements thereon, situated on the northwesterly side of Pine Hill Avenue in the Town of Johnston, and State of Rhode Island, and bounded and described as follows:
Beginning at a granite bound set in the northwesterly line of Pine Hill Avenue at the northeasterly corner of said parcel and at a corner of land now or lately of Fred E Mowry; thence N 71°W bounding northerly on said Mowry land two hundred eighty-eight (288) feet, more or less, to a granite bound at alnd now or lately of Stanley Greska and wife; thence S 14° E bounding westerly on said Greska land three hundred seventeen (317) feet, more or less, to a granite bound in the northwesterly line of Pine Hill Avenue, thence N 51-1/4° E bounding southeasterly on Pine Hill Avenue on hundred ninety and 90/100 (190.90) feet, more or less, to a granite bound; thence N 29° E bounding southeasterly on Pine Hill Avenue on hundred three and 60/100 (103.60) feet, more or less, to the granite bound at the point in beginning.

(c) Real property located at 4 Swanee Street, North Providence, Rhode Island which is owned by Tarek Wehbe and his wife Mathilda Wehbe and legally described as:

Those certain lots or parcels of land with all buildings and other improvements thereon, situated in the Town of North Providence, County of Providence, State of Rhode Island, laid out and designated as Lots Numbered Two Hundred Eighty Five (285) and Two Hundred Eighty Six (286) and Two Hundred Eighty Seven (287) on that plat entitled "Wilbur Highland North Providence, R.I. owned by J.W. Wilbur, July 1st, 1908 Scale: 60ft. = 1 in. A.L. Ellot. C.E.", which plat is recorded with the Land Evidence Records of the Town of North Providence on Recorded Plat 75.

(d) Real property located at 790 North Main Street, Providence, Rhode Island which is owned by Atlantis Management LLC and legally described as:

That certain lot or parcel of land with all the buildings and improvements thereon situated in the City of Providence, County of Providence, State of

Rhode Island, described as follows:
Beginning at a point in the relocated westerly line of North Main Street at the northeast corner of the tract herein described, said point being in the southerly line of land of the City of Providence, fourteen and one hundreths (14.01) feet westerly as measured along the southerly line of said City of Providence land from the present westerly line of North Main Street;
Thence running S 22°35'13" W. bounded southeasterly by the relocated North Main Street, a distance of forty-seven and twenty hundredths (47.20) feet to a point of curvature;
Thence along the arc of a circle curving to the right having a radius of twenty (20.00) feet and a central angle of 73°-58'-19" bounded generally southeasterly on the relocated intersection of North Main Street and Livingston Street, a distance of twenty-five and eighty-two hundredths (25.82) feet to a point of tangency in the northerly line of Livingston Street;
Thence turning N 83°-26'-28" W. bounded by Livingston Street, a distance of eighty-eight and fifty hundredths (88.50) feet to a point of curvature;
Thence along the arc of a circle curbing to the right having a radius of fifteen (15.00) feet and a central angle of 68°-36'-01" bounded generally southwesterly on the relocated intersection of Livingston Street and Mechanics Avenue, a distance of seventeen and ninety-six hundredths (17.96) feet to a point of tangency, in the easterly line of Mechanics Avenue;
Thence running N 14°-50'-27" W. bounded southwesterly by Mechanics Avenue, a distance of one hundred fifty-two and forty-five hundredths (152.45) feet to a corner;
Thence turning an interior angle of 76°-30'-54" and running N 88°-38'-39" E, bounded northerly by land now or formerly of the Providence Redevelopment Agency, a distance of sixty-one and six hundredths (61.06) feet to a land of the City of Providence;
Thence turning an interior angle of 86°-33'-20" and running S 2°-05'-19" W. bounded easterly by land of the City of Providence, a distance of seventy-eight and eighty-four hundredths (78.84) feet to a corner;
Thence turning an interior angle of 255°-42'-20" and running S 73°-37'-01" E. bounded northeasterly by land of the City of Providence, a distance of one hundred twenty-five and fifty-six hundredths (125.56) feet to the point and place of beginning.
The first and last courses forming an interior angle of 83°-47'-46" and said parcel contains thirteen thousand eight hundred fourteen (13,814) square feet of land.
Together with the rights of passage of record.

3. The following may have interest in the defendant properties: (a) Tarek Wehbe and (b) Mathilda Wehbe of 6 Pine Tree Lane, Lincoln, Rhode Island 02865 and (c) Atlantis

Management LLC of 6 Pine Tree Lane.

4. The real property defendants have not been seized but are located within this district and within the jurisdiction of this Court. At this time, the United States does not request authority from the Court to seize the real property defendants. The United States will, as provided by 18 U.S.C. §985(b)(1) and (c)(1): (a) post notice of this action and a copy of the Complaint on the defendant real property, (b) serve notice of this action on the respective real property defendant owners and/or parties with interest in the real property defendants along with a copy of this Complaint, (c) execute a Writ of Entry for purposes of conducting an inspection and inventory of the real property defendants, and (d) file a lis pendens in county records of the real property defendants' status as a defendants in this in rem action. The United States will also, as provided in 19 U.S.C. § 1606, appraise the defendant real property as appropriate after execution of the Writ of Entry.

**JURISDICTION AND VENUE**

5. Plaintiff brings this action in rem in its own right to forfeit and condemn the real property defendants. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a).

6. This Court has in rem jurisdiction over the defendant properties under 28 U.S.C. § 1355(b).

7. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1), because the acts or omissions giving rise to the forfeiture occurred in this district, and pursuant to 28 U.S.C. § 1395 because the property is located in this district.

**BASIS FOR FORFEITURE**

8. The defendant properties are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) and (C) because the defendant properties are involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1956 and/or constitute or are derived from proceeds traceable to a violation of 18 U.S.C. § 1347 (health care fraud), 18 U.S.C. § 1341 (mail fraud), and 18 U.S.C. § 1343 (wire fraud), all offenses that constitute specified unlawful

activities.

## FACTS

9. As set forth in the attached and hereby incorporated Affidavit of Jason Rameaka, a significant portion of the payments from the United States and other sources made to Dr. Wehbe as reimbursements for infusion of Remicade, chemotherapy drugs, and other infusion drugs were based on fraudulent claim submissions by Dr. Wehbe.

10. As set forth in the attached and hereby incorporated Affidavit of Jason Rameaka, Dr. Wehbe did not administer the doses of Remicade specified in his bills, and rather, Dr. Wehbe inflated these bills in order to maximize reimbursement.

11. As set forth in the attached and hereby incorporated Affidavit of Jason Rameaka, the proceeds from this fraudulent billing were commingled with other funds and/or routed through various accounts and funds from these various accounts were used to purchase and/or maintain an interest in the real property defendants.

12. A full and complete recitation of facts is set forth in the Affidavit of Jason Rameaka, which is incorporated in its entirely herein.

WHEREFORE the United States prays that the defendant property be forfeited to the United States, that Plaintiff be awarded its costs and disbursements in this action, and for such other and further relief as the Court deems proper and just.

Respectfully submitted,

UNITED STATE OF AMERICA
By its attorneys,

ROBERT CLARK CORRENTE
United States Attorney

Milind M. Shah
Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000
401-709-5017 fax
Email: milind.shah@usdoj.gov

Dated: April 30, 2008

**VERIFICATION**

I, Special Agent Jason Rameaka, hereby verify and declare under penalty of perjury that I am a Special Agent with Criminal Investigation, Internal Revenue Service, United States Department of Treasury, that I have read the foregoing Verified Complaint for Forfeiture In Rem and know the contents thereof, and that the factual matters contained in the Verified Complaint are true to my own knowledge and belief.

The sources of my knowledge and information and the grounds of my belief are set forth in detail in my Affidavit, which is attached to the Complaint.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Special Agent Jason Rameaka

Dated: April 30, 2008