IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff<br>v.<br>REAL PROPERTY LOCATED AT 1630 MINERAL SPRING AVENUE, NORTH PROVIDENCE, RHODE ISLAND; ET AL.<br>Defendants | Civil Action No. 08-0125ML |
| UNITED STATES OF AMERICA<br>Plaintiff<br>v.<br>REAL PROPERTY LOCATED AT 288 MIDDLE ROAD, EAST GREENWICH, RHODE ISLAND; ET AL.<br>Defendants | Civil Action No. 08-147ML |

MOTION TO SECURE, MAINTAIN, AND PRESERVE DEFENDANT PROPERTIES

Pursuant to 18 U.S.C. §§ 983(j), Plaintiff United States of America moves to have the United States Marshal Service ("USMS") and Department of Treasury ("Treasury") authorized to take reasonable measures to secure, maintain, and preserve the below-specified defendant properties:

C.A. No. 08-125ML –

1. 1630 Mineral Spring Avenue, North Providence, RI,
2. 566 East Shore Road, Jamestown, RI,
3. 78 Farnum Pike, Smithfield, RI (Condominium Units 2, 4, 5, 6, and 7), and

C.A. No. 08-147ML –

4. 288 Middle Road, East Greenwich, RI,
5. 95 Pine Hill Avenue, Lincoln, RI
6. 790 North Main Street, Providence, RI.

Each of these properties is subject to forfeiture in the above-captioned civil forfeiture actions. At present, the owners of these properties are outside the country, Plaintiff is unaware of when they will return, and Plaintiff is unaware of any other person who has been assigned the responsibility of securing, maintaining, or preserving these properties.

Once a civil forfeiture complaint is filed, the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), which includes 18 U.S.C. § 983, provides broad powers for the Court to issue orders to preserve property for forfeiture. Here, Plaintiff seeks an order authorizing the USMS and Treasury to manage the above-specified properties to ensure the security, maintenance, and preservation of these properties. Plaintiff does not, at this time, seek to seize, take possession, or take title to the properties. Plaintiff also does not seek to become or be appointed custodian for the properties or receiver for the properties, nor does Plaintiff seek to take on legal liabilities associated with the properties – all liabilities that remain with the present owners of the properties. Furthermore, should a property's owner return to the United States and maintain the property or otherwise attend to the maintenance of the property, Plaintiff has no objection to having the USMS or Treasury relinquish management of that property. Attached as Exhibit 1, Plaintiff submits a proposed order and respectfully requests that the Court grant Plaintiff's motion.

Respectfully submitted,

UNITED STATE OF AMERICA
By its attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Milind M. Shah
Milind M. Shah
Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000
401-709-5017 fax
Email: milind.shah@usdoj.gov

Dated: June 13, 2008

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff<br>v.<br>REAL PROPERTY LOCATED AT 1630 MINERAL SPRING AVENUE, NORTH PROVIDENCE, RHODE ISLAND; ET AL.<br>Defendants | Civil Action No. 08-0125ML |
| UNITED STATES OF AMERICA<br>Plaintiff<br>v.<br>REAL PROPERTY LOCATED AT 288 MIDDLE ROAD, EAST GREENWICH, RHODE ISLAND; ET AL.<br>Defendants | Civil Action No. 08-147ML |

PLAINTIFF'S SUPPORTING MEMORANDUM

Pursuant to 18 U.S.C. §§ 983(j), Plaintiff United States of America moves to have the United States Marshal Service ("USMS") and Department of Treasury ("Treasury") authorized to take reasonable measures to secure, maintain, and preserve the below-specified defendant properties:

C.A. No. 08-125ML –

1. 1630 Mineral Spring Avenue, North Providence, RI,
2. 566 East Shore Road, Jamestown, RI,
3. 78 Farnum Pike, Smithfield, RI (Condominium Units 2, 4, 5, 6, and 7), and

C.A. No. 08-147ML –

4. 288 Middle Road, East Greenwich, RI,
5. 95 Pine Hill Avenue, Lincoln, RI
6. 790 North Main Street, Providence, RI.

Each of these properties is subject to forfeiture in the above-captioned civil forfeiture actions. At present, the owners of these properties are outside the country, Plaintiff is unaware of when they will return, and Plaintiff is unaware of any other person who has been assigned the responsibility of securing, maintaining, or preserving these properties.

Once a civil forfeiture complaint is filed, the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), which includes 18 U.S.C. § 983, provides broad powers for the Court to issue orders to preserve property for forfeiture.[1] Here, Plaintiff seeks an order authorizing the USMS and Treasury to manage the above-specified properties to ensure the security, maintenance, and preservation of these properties. Plaintiff does not, at this time, seek to seize, take possession, or take title to the properties. Plaintiff also does not seek to become or be appointed custodian for the properties or receiver for the properties, nor does Plaintiff seek to take on legal liabilities associated with the properties – all liabilities that remain with the present owners of the properties. Furthermore, should a property's owner return to the United States and maintain the property or otherwise attend to the maintenance of the property, Plaintiff has no objection to having the USMS or Treasury relinquish management of that property. Attached as Exhibit 1, Plaintiff submits a proposed order and respectfully requests that the Court grant Plaintiff's motion. Below Plaintiff provides additional information in support of its motion.

## I. BACKGROUND

### *A. Civil Action 08-125ML and Therein Defendant Properties.*

On April 8, 2008, the United States filed a Verified Complaint In Rem with an accompanying declaration alleging that the specified defendant properties were subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) and (C) in that the defendant properties were involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1956 and/or constitute or were derived from proceeds traceable to a violation of 18 U.S.C. §§ 1347, 1341, and/or 1343. This complaint was docketed as civil action number 08-125ML, and defendant

[1] CAFRA applies to civil forfeiture proceedings commenced on or after August 23, 2000. See Pub.L. No. 106-185, § 21, 114 Stat. 202, 225 (2000); *United States v. 221 Dana Avenue*, 261 F.3d 65, 67 & n. 1 (1st Cir. 2001). Here, because the complaints were filed in 2008, CAFRA applies.

properties in that action are *1630 Mineral Spring Avenue*, *566 East Shore Road*, 6 Pine Tree Lane, 15 Dennell Drive, and *78 Farnum Pike (Units 2, 4, 5, 6, and 7)*. (Plaintiff seeks management for the italicized properties.)

*B. Civil Action 08-147ML and Therein Defendant Properties.*

On April 30, 2008, the United States filed a Verified Complaint In Rem with an accompanying declaration alleging that the therein specified defendant properties were subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) and (C) in that the defendant properties were involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1956 and/or constituted or were derived from proceeds traceable to a violation of 18 U.S.C. §§ 1341, 1343, 1347. This complaint was docketed as civil action number 08-147ML, and defendant properties in that action are *288 Middle Road*, *95 Pine Hill Avenue*, 4 Swanee Street, and *790 North Main Street*. (Plaintiff seeks management for the italicized properties.)

*C. Defendant Properties and Owners.*

Each of the defendant properties for which management is sought are owned or controlled via real estate holding companies by Dr. Tarek Wehbe and/or his wife Matilda Wehbe. As set forth in detail in the declarations accompanying the complaints, the Government has compiled information showing that Dr. Wehbe has been engaged in criminal conduct. In March, Government prosecutors met with Dr. Wehbe's counsel while Dr. Wehbe was outside the United States and discussed the criminal case against Dr. Wehbe. Although Dr. Wehbe's counsel advised the Government that Dr. Wehbe planned to return to the United States shortly, he did not return to the United States to date. To the best of the Government's knowledge, Dr. Wehbe has not yet returned to the United States, and Dr. Wehbe's counsel has withdrawn from his representation. Furthermore, it has come to the Government's attention that in mid-April Ms. Wehbe and her children also left the country. Finally, Plaintiff has served process in the 08-125 and 08-147 civil actions on Dr. Wehbe, his wife, and his various real estate holding companies via mail to his home address at 6 Pine Tree Lane in Lincoln, Rhode Island, to email addresses

associated with Dr. Wehbe and his wife, and to the brother of Dr. Wehbe, Paul Wehbe. To date neither Dr. Wehbe nor Ms. Wehbe nor any of the real estate holding companies have filed any claims in either civil action, and neither Dr. Wehbe nor Ms. Wehbe have been found at any of the properties when Plaintiff sought to post notice on the defendant properties.

The following defendant properties appear to be residential properties or non-commercial properties: 566 East Shore Road, 288 Middle Road, and 95 Pine Hill Avenue. Furthermore, no one appears to be in residence at these properties and no one appears to be managing these properties or charged with management of these properties. The following defendant properties are rental properties or commercial properties: 1630 Mineral Spring, 78 Farnum Pike (condominium units 2, 4, 5, 6, and 7), and 790 North Main Street. Each of these properties has tenants, and no one representing Dr. Wehbe, Ms. Wehbe, or the real estate holding companies has been collecting rents from these tenants. No one appears to be charged with management of these properties, although the tenants have been informally attending to some of the management of these properties.

## II. ARGUMENT

### A. *The Court has the authority to issue protective orders following the filing of a civil forfeiture complaint.*

CAFRA vests the Court with wide authority to preserve the availability of property for forfeiture. The provision governing the granting of protective orders to maintain and secure property following the filing of a civil forfeiture complaint, specifically provides:

> (1) Upon application of the United States, the court may enter a restraining order or injunction, require the execution of satisfactory performance bonds, create receiverships, appoint conservators, custodians, appraisers, accountants, or trustees, or take any other action to seize, secure, maintain, or preserve the availability of property subject to civil forfeiture–
>
> (A) upon the filing of a civil forfeiture complaint alleging that the property with respect to which the order is sought is subject to civil forfeiture.

18 U.S.C. §983(j)(1)(A).

While this provision is relatively new, and, to Plaintiff's knowledge, has not been interpreted in any published decision, the statutory scheme for post-complaint protective orders set forth in § 983(j)(1)(A) echoes that established in the criminal context by 21 U.S.C. §853(e)(1)(A), the provision governing post-indictment protective orders in criminal forfeiture cases. The wording of § 983(j)(1)(A) almost precisely tracks the language of 21 U.S.C. §853(e)(1)(A),[1] with the obvious exception that the language "upon the filing of a civil forfeiture complaint" is substituted for "upon the filing of an indictment or information." Given these similarities in the two statutes, §853(e)(1)(A) and the cases interpreting it, are useful as guides to analyzing §983(j)(1)(A). *See United States v. Jones*, 160 F.3d 641, 649 n.5 (10th Cir. 1998) (noting that another statute, 18 U.S.C. §1963(d)(1), "is identical in all pertinent respects to 21 U.S.C. §853(e)(1)" and "may be used to construe §853 due to the similarity of the two statutes"). Indeed, a prior version of CAFRA made explicit Congress' intention to extend the existing criminal forfeiture protective order provisions to the civil context, allowing the Court, before or after the filing of a forfeiture complaint "enter any restraining order or injunction in the manner set forth in... 21 U.S.C. §853(e)." H.Rep. 105-358(1).

The language of the criminal and civil protective order provisions is straightforward. It authorizes the Court to enter a range of orders designed to maintain and preserve the availability

---

[1] 21 U.S.C. §853(e)(1)(A) provides:

> (1) Upon application of the United States, the court may enter a restraining order or injunction, require the execution of a satisfactory performance bond, or take any other action to preserve the availability of property described in subsection (a) of this section for forfeiture under this section--
>
> (A) upon the filing of an indictment or information charging a violation of this subchapter or subchapter II of this chapter for which criminal forfeiture may be ordered under this section and alleging that the property with respect to which the order is sought would, in the event of conviction, be subject to forfeiture under this section.

of property for forfeiture "upon the filing" of the relevant document commencing the action. In the criminal context, the First Circuit made clear that "under §853(e)(1)(A), the indictment itself establishes the merits of the government's case" for purposes of obtaining a order. *United States v. Cunan*, 64 F.3d 752, 756 (1st Cir. 1995). The same rule should apply in the civil context, with the probable cause established in the United States' complaint being determinative for the purposes of issuing a post-complaint protective order. *See Cunan*, 64 F.3d at 756 ("For the purposes of issuing a restraining order, the probable cause established in the indictment...is to be determinative of any issue regarding the merits of the government's case on which the forfeiture is to be based") (quoting 1984 U.S.C.C.A.N. at 3386).

Similarly, as the First Circuit noted in *Cunan*, the criminal statutory scheme distinguishes between orders sought before a case has been brought, which require specific findings by the Court, and those sought after a case has been brought, which do not. See *Cunan*, 64 F.3d at 756. CAFRA applies the same statutory scheme in the civil context. Thus, in contrast to 18 U.S.C. §983(j)(1)(B), the provision governing the issuance of orders prior to the filing of a civil forfeiture complaint, §983(j)(1)(A) does not require any additional factual determinations by the Court. Instead, the filing of the civil complaint alleging the forfeitability of the property suffices as a basis for an order under CAFRA. This requirement is here because, the United States has filed complaints alleging that the defendant properties are subject to forfeiture. The Court may therefore enter an order under §983(j)(1)(A).

*B. The order sought serves the interests underlying §983(j).*

Plaintiff's interests to be considered in fashioning an order are evident from the statutory language: "to seize, secure, maintain, or preserve the availability of property subject to civil forfeiture." 18 U.S.C. §983(j)(1)(A). Upon the conclusion of the forfeiture action, if Plaintiff prevails, the defendant properties will be forfeited. As the Supreme Court has made clear in the analogous criminal context, the purpose of the provision authorizing orders relating to the maintenance of property is to ensure that the commands of the substantive forfeiture provision

are carried out, that is, that the property remains fully available at the end of the case. *See United States v. Monsanto,* 491 U.S. 600, 612-613 (1989); see *In re Billman,* 915 F.2d 916, 921 (4th Cir. 1990); *United States v. Bollin*, 264 F.3d 391, 421 (4th Cir. 2001). Similarly, in the civil forfeiture context, the Supreme Court – even prior to the enactment of CAFRA – noted that "the Government's legitimate interests at the inception of forfeiture proceedings are to ensure that the property not be sold, destroyed, or used for further illegal activity prior to the forfeiture judgment." *United States v. James Daniel Good Real Property*, 510 U.S. 43, 58 (1993). Here, the order sought by Plaintiff serves these interests directly. The proposed order authorizes the USMS and Treasury to secure, maintain, and preserve the defendant properties so that they remain available for forfeiture.

## III. CONCLUSION

For the aforementioned reasons, Plaintiff respectfully requests that the Court grant this motion.

Respectfully submitted,

UNITED STATE OF AMERICA
By its attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Milind M. Shah
Milind M. Shah
Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000
401-709-5017 fax
Email: milind.shah@usdoj.gov

Dated: June 13, 2008

CERTIFICATE OF SERVICE

On this 13rd day of June 2008, I caused the above Motion and Supporting Memorandum with exhibit and attachment to be filed electronically, and it is available for viewing and downloading from the ECF system to all parties of record in this matter. Also on this day, I had copies of this document mailed via ordinary mail to the following Tarek Wehbe and Matilda Wehbe at 6 Pine Tree Lane, Lincoln, RI 02865 and to Tarek Wehbe and Matilda Wehbe c/o Paul Wehbe (brother of Tarek Wehbe) at 1596 Douglas Avenue, North Providence, RI 02904 and c/o Paul Wehbe at 6 Deerhill Drive, Smithfield, RI 02917. Also on this day, I have electronic copies of this document sent to Tarek Wehbe and Matilda Wehbe at All parties of record in this matter Electronic notification to twehbe@cox.net and mattoul1@hotmail.com.

/s/ Milind M. Shah
Milind M. Shah
Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, R.I. 02903
Office (401) 709-5000
Facsimile (401) 709-5001