IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff<br>v.<br>REAL PROPERTY LOCATED AT 1630 MINERAL SPRING AVENUE, NORTH PROVIDENCE, RHODE ISLAND; ET AL.<br>Defendants | Civil Action No. 08-0125ML |
| UNITED STATES OF AMERICA<br>Plaintiff<br>v.<br>REAL PROPERTY LOCATED AT 288 MIDDLE ROAD, EAST GREENWICH, RHODE ISLAND; ET AL.<br>Defendants | Civil Action No. 08-147ML |

ORDER

This matter comes before the Court on Plaintiff United States of America's motion for an order under 18 U.S.C. § 983(j) to secure, maintain, and preserve the following defendant properties (hereinafter "defendant properties") – 1630 Mineral Spring Avenue, North Providence, RI; 566 East Shore Road, Jamestown, RI; 78 Farnum Pike, Smithfield, RI (Condominium Units 2, 4, 5, 6, and 7); 288 Middle Road, East Greenwich, RI; 95 Pine Hill Avenue, Lincoln, RI; and 790 North Main Street, Providence, RI. – all of which are further described in Attachment A. The Court having considered the motion and any responses thereto, finds:

(1) Good cause exists to believe that the defendant properties are subject to forfeiture;

(2) Good cause exists to believe that the owners of these properties are not presently maintaining these properties; and

(3) Weighing the equities, considering Plaintiff's likelihood of success in these forfeiture actions, Plaintiff's interest, and the absence of any prejudice to any party with an interest in the defendant properties, this order is in the public interest.

IT IS HEREBY ORDERED that during the pendency of the above-captioned civil forfeiture actions, the United States Marshal Service and Department of Treasury and their agents – including any property managers retained by for the purpose of managing defendant properties – shall have the authority to take all reasonable measures necessary to secure, maintain, and preserve the defendant properties, which include but are not limited to the following:

(1) manage defendant properties in a manner consistent with the sort of management undertaken by a residential property manager with respect to residential defendant properties and with the sort of management undertaken by a commercial property manager with respect to commercial defendant properties;

(2) entry onto defendant properties and into any physical structures on defendant properties as necessary for security, maintenance, and preservation;

(3) reasonable precautions to preserve the value of defendant properties;

(4) maintenance of any yards or landscaping in their present state;

(5) maintenance of the appearance of defendant properties and maintenance of any physical structures on defendant properties in their present conditions;

(6) maintenance of all physical structures on any defendant property so as to prevent weather damages, intrusion, and deterioration;

(7) collection of rents and preservation of any funds collected in an escrow accounts; and

(8) changing locks as necessary for entry.

This Order does not authorize the following:

(1) eviction of any tenants or interference with any tenants' use of defendant property beyond that immediately necessary for the security, maintenance, or preservation of defendant property;

(2) use of any defendant property for any purpose other than its security, maintenance, and preservation;

(3) actions or conduct beyond that typically taken by residential and/or commercial property managers;

(4) Plaintiff to be custodian or receiver for or over defendant property or for Plaintiff to otherwise be imposed with the legal liabilities associated with any of the defendant properties.

To the extent that actions beyond those typically taken by a residential or commercial property manager are necessary, Plaintiff must notify the Court and seek the permission of the Court. This Order does not authorize Plaintiff or its agents to take title or seize defendant properties. This Court retains jurisdiction of this matter for all purposes.

______________________________
Mary M. Lisi,
Chief Judge, United State District Court for
the District of Rhode Island

Dated: ____________________

ATTACHMENT A

1. 1630 Mineral Spring Avenue, North Providence, Rhode Island:

Those six (6) certain lots or parcels of land with all buildings and Improvements thereon situated on the sourtherly side of Mineral Spring Avenue and the northerly side of Swanee Street in the Town of North Providence, County of Providence, State of Rhode Island laid out and designated as Lots Nos. 153 (one hundred fifty-three), 154 (one hundred fifty-four), 155 (one hundred fifty-five), 164 (one hundred sixty-four), 165 (one hundred sixty-five), 166 (one hundred sixty-six) on that plat entitiled "Wilbur Highlands North Providence, Rhode Island owned by J.W. Wilbur July 1st, 1908 Scale 60 FT = 1 IN A.L. Eliot, C.E." which plat is recorded in the Office of the Town Clerk of said Town of North Providence on Plat Card 75.

2. 566 East Shore Road, Jamestown, Rhode Island:

That certain parcel of land, with any improvements thereon, in the Town of Jamestown and State of Rhode Island, on the easterly side of East Shore Road, and bounded and described as follows: Beginning at a point in the easterly line of said Road, said point of beginning being at the southwesterly corner of land now or formerly of Edwin Ohsberg and at the northwesterly corner of the within described parcel; Thence running southerly bounding westerly on said East Shore Road two hundred (200) feet, to a point; Thence turning an interior angle of 71 degrees 13' and running northeasterly three hundred ninety-two and 78/100 (392.78) feet to a point; Thence turning an interior angle of 224 degrees 01' and running southeasterly sixty-eight and 33/100 (68.33) feet to a wall, said last two (2) courses bounding southeasterly and southwesterly on land now or formerly or formerly Commerce Oil Refining Corporation, thence turning an interior angle of 83 degrees 10' and running northeasterly along said wall bounding southeasterly on Parcel II hereinafter described, two hundred (200) feet to an angle in said wall; thence turning an interior angle of 61 degrees 39' and running southwesterly along said wall bounding northwesterly said Ohsberg land five hundred four and 38/100 (504.38) feet to said East Shore Road and the point and place of beginning.

And further described as:

Also a certain parcel of land adjoining Parcel I on the southeast and bounding northwesterly on said Parcel I; southwesterly on land

now formerly of Commerce Oil Refining Corporation on a line in extension southeasterly of the third course of said Parcel I; southeasterly on Narragansett Bay; and northwesterly on a line in extension northeasterly of the last described course of said Parcel I.

3. 6 Pine Tree Lane, Lincoln, Rhode Island:

   That certain lot or parcel of land with all the buildings and improvements thereon, situated on Pine Tree Lane, in the Town of Lincoln, County of Providence, State of Rhode Island, laid out and designated as Record Lot 6 on that certain plat entitled, "Gaywood Record Plan AP 26 Lot 64, Lincoln, Rhode Island Developer: Dayjur Corporation, 145 Twin River Road, Lincoln, Rhode Island 20865 Owner: Dayjur Corporation, 145 Twin River Road, Lincoln, Rhode Island 02865" which plat is recorded in the Land Evidence Records of the Town of Lincoln County of Providence, State of Rhode Island as Subdivision No. 325.

4. 78 Farnum Pike, Smithfield, Rhode Island:

   That certain lot or parcel of land with all the buildings and improvements thereon situated on the southwesterly side of Farnum Pike and on the northwesterly side of Wolf Hill Road in the town of Smithfield, County of Providence, and State of Rhode Island, bounded and described as follows;

   Beginning at the easterly corner of said lot at the westerly corner of said Farnum Pike and Wolf Hill Road; thence southwesterly bounding southwesterly on said Wolf Hill Road about 103.8 feet to land now or lately of St. Michael's Church, Georgiaville, Rhode Island; thence northwesterly bounding southwesterly on the last named land about 121 feet to a corner; thence northeasterly bounding northwesterly on other land now or lately of St. Michael's Church, Geogiaville, Rhode Island about 103.8 feet to said Farnum Pike; thence southwesterly bounding northeasterly on said Farnum Pike about 113 feet to Wolf Hill Road at the point and place of beginning.

5. 288 Middle Road, East Greenwich, Rhode Island:

   That certain parcel of land with all buildings and improvements thereon, situated on the southerly side of Middle Road in the Town of East Greenwich, County of Kent and the State of Rhode Island, bouded and described as follows:

Beginning at an iron pipe in the southerly line of Middle Road at the northwesterly corner of land of Carl Street, L.L.C. and the northeasterly corner of the herein described parcel;
Thence running in a westerly direction, along the southerly line of Middle Road, a distance of three hundred fifty-one and twenty hundreths (351.20') to a point for a corner:
Thence turning on an interior angle of 89°14'12" and running southerly along land now or formerly of Mathias Wilkison, a distance of three hundred four and sixty-eight hundreths (304.68') to a point for a corner;
Thence turning an interior angle of 90°00'00" and running easterly by land of said Wilkinson, a distance of one hundred sixty-one and seventeen hundreths (161.17') to a granite bound, said granite bound being the northerly corner of said Wilkinson and the westerly corner of said Carl Street, L.L.C. land;
Thence turning an interior angle of 180°00'00" and continuing easterly, along said Carl Street, L.L.C. land a distance of one hundred ninety and zero hundreths (190.00') to an iron pin for a corner;
Thence turning an interior angle of 90°00'00" and running northerly, a distance of one hundred seven and seventy-five hundreths (107.75') to a point for a corner;
Thence turning an interior angle of 268°56'53" and running easterly, a distance of ten and forty-nine hundreths (10.49') to a point of curvature;
Thence easterly and northerly along the arc of a curve, said curve having a central angle of 91°38'19" and a radius of 30.00', a distance of 47.98' to a point of tangency;
Thence running northerly, a distance of nineteen and ninety-four hundreths (19.94') to another point of curvature;
Thence northerly and westerly along the arc of a curve, said curve having a central angle of 88°21'41" and a radius of 30.00', a distance of 46.27' to a point of tangency;
Thence running westerly, a distance of eight and forty-six hundreths (8.46') to a point for a corner, the last six courses bounded to the east by said Carl Street L.L.C. land;
Thence turning an interior angle of 271°03'07" and running northerly along said Carl Street L.L.C. land, a distance of one hundred twelve and thirty hundreths (112.30') to the iron pipe on Middle Road, at the point and place of beginning,
The first and last course forming an interior angle of 90°45'48" and said parcel contains 108,941 square feet or 2.5009 acres of land being the same more or less.
Said parcel described is also shown on that certain plat entitled, "Administrative Subdivision" for Carl Street, L.L.C., scale 1"=50',

dated September 7, 2003 by Ocean State Planners, Inc. and recorded in the Town of East Greenwich, as Plat #728.

6. 95 Pine Hill Ave, Johnston, Rhode Island:

That parcel of land with all buildings and improvements thereon, situated on the northwesterly side of Pine Hill Avenue in the Town of Johnston, and State of Rhode Island, and bounded and described as follows:
Beginning at a granite bound set in the northwesterly line of Pine Hill Avenue at the northeasterly corner of said parcel and at a corner of land now or lately of Fred E Mowry; thence N 71°W bounding northerly on said Mowry land two hundred eighty-eight (288) feet, more or less, to a granite bound at alnd now or lately of Stanley Greska and wife; thence S 14° E bounding westerly on said Greska land three hundred seventeen (317) feet, more or less, to a granite bound in the northwesterly line of Pine Hill Avenue, thence N 51-1/4° E bounding southeasterly on Pine Hill Avenue on hundred ninety and 90/100 (190.90) feet, more or less, to a granite bound; thence N 29° E bounding southeasterly on Pine Hill Avenue on hundred three and 60/100 (103.60) feet, more or less, to the granite bound at the point in beginning.

7. 790 North Main Street, Providence, Rhode Island:

That certain lot or parcel of land with all the buildings and improvements thereon situated in the City of Providence, County of Providence, State of Rhode Island, described as follows:
Beginning at a point in the relocated westerly line of North Main Street at the northeast corner of the tract herein described, said point being in the southerly line of land of the City of Providence, fourteen and one hundreths (14.01) feet westerly as measured along the southerly line of said City of Providence land from the present westerly line of North Main Street;
Thence running S 22°35'13" W. bounded southeasterly by the relocated North Main Street, a distance of forty-seven and twenty hundredths (47.20) feet to a point of curvature;
Thence along the arc of a circle curving to the right having a radius of twenty (20.00) feet and a central angle of 73°-58'-19" bounded generally southeasterly on the relocated intersection of North Main Street and Livingston Street, a distance of twenty-five and eighty-two hundredths (25.82) feet to a point of tangency in the northerly line of Livingston Street;

Thence turning N 83°-26'-28" W. bounded by Livingston Street, a distance of eighty-eight and fifty hundreths (88.50) feet to a point of curvature;
Thence along the arc of a circle curbing to the right having a radius of fifteen (15.00) feet and a central angle of 68°-36'-01" bounded generally southwesterly on the relocated intersection of Livingston Street and Mechanics Avenue, a distance of seventeen and ninety-six hundredths (17.96) feet to a point of tangency, in the easterly line of Mechanics Avenue;
Thence running N 14°-50'-27" W. bounded southwesterly by Mechanics Avenue, a distance of one hundred fifty-two and forty-five hundredths (152.45) feet to a corner;
Thence turning an interior angle of 76°-30'-54" and running N 88°-38'-39" E, bounded northerly by land now or formerly of the Providence Redevelopment Agency, a distance of sixty-one and six hundredths (61.06) feet to a land of the City of Providence;
Thence turning an interior angle of 86°-33'-20" and running S 2°-05'-19" W. bounded easterly by land of the City of Providence, a distance of seventy-eight and eighty-four hundredths (78.84) feet to a corner;
Thence turning an interior angle of 255°-42'-20" and running S 73°-37'-01" E. bounded northeasterly by land of the City of Providence, a distance of one hundred twenty-five and fifty-six hundredths (125.56) feet to the point and place of beginning.
The first and last courses forming an interior angle of 83°-47'-46" and said parcel contains thirteen thousand eight hundred fourteen (13,814) square feet of land.
Together with the rights of passage of record.