**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**<br>**Plaintiff** | : | |
| **v.** | : | |
| **REAL PROPERTY LOCATED AT 288 MIDDLE ROAD, EAST GREENWICH, RHODE ISLAND;** | : | |
| **REAL PROPERTY LOCATED AT 95 PINE HILL AVENUE, JOHNSTON, RHODE ISLAND;** | : | **C.A. No. 08-147 ML** |
| **REAL PROPERTY LOCATED AT 4 SWANEE STREET,NORTH PROVIDENCE, RHODE ISLAND;** | : | |
| **REAL PROPERTY LOCATED AT 790 NORTH MAIN STREET, PROVIDENCE, RHODE ISLAND;**<br>**Defendants** | : | |

**ANSWER OF BANK OF AMERICA, N.A.**
**TO THE VERIFIED COMPLAINT FOR FORFEITURE IN REM**

Claimant, Bank of America, N.A. (“BoA”) hereby submits this answer to the Verified Complaint for Forfeiture in Rem (“Complaint”) filed on behalf of the United States of America. As set forth herein, BoA is the holder of two mortgages in the property located at 790 North Main Street, Providence, Rhode Island (“790 North Main Property”) which are superior to any forfeitable interest which may be recovered by the United States in this action. Moreover, BoA is an innocent owner as defined by 18 U.S.C. § 983(d). Therefore, BoA objects to the within action (“Forfeiture Action”) to the extent of BoA’s interest in the 790 North Main Property.

## NATURE OF ACTION

1. Admitted, except to the extent that this paragraph references an action to forfeit a bank account, which appears to have been erroneously included in the Complaint.

2. BoA is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 2(a), 2(b), or 2(c), and on that basis denies same. With respect to paragraph 2(d) and the 790 North Main Property, BoA states that it holds a mortgage and has related rights with respect to that property as more specifically set forth in the Verified Secured Claim of Bank of America, N.A. of even date which is incorporated by reference herein.

3. This paragraph is denied to the extent that it purports to contain an exhaustive list of those persons with ownership interests in the 790 North Main Property. As more specifically set forth in the Verified Secured Claim of Bank of America, N.A. of even date which is incorporated by reference herein, BoA holds a mortgage and related interests with respect to that property which are superior to any interests which are subject to forfeiture. In addition, on information and belief, Providence Byblos, LLC may also have an interest in the property, subordinate to the interest of BoA, pursuant to that certain “Parking Lease” by and between Atlantis and dated October 1, 2006 and recorded on April 2, 2007 in Book 8616 at Page 118. It is admitted that Atlantis Management, LLC (“Atlantis”) has an interest in the 790 North Main Property, but that interest is subject to the first-position mortgage of BoA. BoA lacks sufficient information to form a belief as to the truth of the remaining allegations of paragraph 3, and on that basis denies same.

4. It is admitted that the 790 North Main Property is within this district, is subject to this Court's jurisdiction, and has not yet been seized. It is denied that the Complaint, or notice of this action, was ever properly served upon BoA. The remaining allegations of paragraph 4 relate to future events and do not require a response. To the extent that such a response is required, BoA lacks sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis denies same.

**JURISDICTION AND VENUE**

5. BoA does not dispute this Court's jurisdiction. BoA lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 5, and on that basis denies same.

6. BoA does not dispute this Court's jurisdiction.

7. It is admitted that the 790 North Main Property is located in this district, and BoA does not dispute venue in this Court. BoA lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 7, and on that basis denies same.

**BASIS OF FORFEITURE**

8. BoA lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph, and on that basis denies same.

**FACTS**

9. BoA lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph, and on that basis denies same.

10. BoA lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph, and on that basis denies same.

11. BoA lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph, and on that basis denies same.

12. BoA lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph, and on that basis denies same.

## AFFIRMATIVE DEFENSES

Innocent Owner Pursuant to 18 U.S.C. § 983(d)

1. BoA's Verified Secured Claim of Bank of America, N.A. of even date is hereby incorporated by reference.

2. BoA is an "owner" within the meaning of § 983(d)(6) because it holds two mortgages in the 790 North Main Property which secure indebtedness that exceeded $712,381.38 as of May 27, 2008.

3. BoA did not know of the conduct giving rise to the Forfeiture Action at the time that the conduct took place.

4. BoA's mortgage and other interests in the 790 North Main Property were the result of arms-length commercial transactions, and BoA was a bona fide purchaser for value of its mortgage and other interests.

5. BoA did not know, and was reasonably without cause to know, that the 790 North Main Property might be subject to forfeiture, at the time it acquired its mortgages and related interests.

Other Defenses

6. BoA asserts the defense of insufficient service of process.

7. To the extent that the United States of America has a lawful interest in the 790 North Main Property, its interest is subordinate to BoA's interests.

8. To the extent that any other interest in the 790 North Main Property is subject to forfeiture, § 983(5) requires that certain steps be taken to protect BoA's interest in the 790 North Main Property including, but not limited to, compensation of BoA to the extent of its ownership interests upon liquidation of the 790 North Main Property.

9. To the extent that any interest of BoA in the 790 North Main Property is subject to forfeiture, such forfeiture is in violation of the Excessive Fines Clause contained in the Eighth Amendment to the United States Constitution.

BANK OF AMERICA, N.A.
By Its Attorney,

/s/ Daniel E. Burgoyne

Daniel E. Burgoyne (#7541)
Roberts, Carroll, Feldstein & Peirce, Inc.
Ten Weybosset Street
Providence, RI 02903
(401) 521-7000 FAX (401) 521-1328
dburgoyne@rcfp.com

## CERTIFICATION

I hereby certify that on this on the **1st day of July, 2008** a copy of the within document was filed electronically through the CM/ECF System, where it is available for viewing and downloading and will be sent electronically to the counsel of record:

Milind M. Shah
Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Email: milind.shah@usdoj.gov

And notice via first class mail was sent to

Edward J. Gomes, Jr.
The Remington Bldg.
91 Friendship St.
Providence, RI 02903

Veronica C. Viveiros
Harmon Law Offices, P.C.
P.O. Box 610389
Newton Highlands, MA 02461-0389

/s/ Daniel E. Burgoyne

DEB
354089/ 6/26/08
2090-74